SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

MICHAEL HERRICK and
JENNIFER GAGE,

        Plaintiffs,

vs.                            CASE NO:

OFFICER LEAH KELLY in her official and
individual capacity as an employee of the
City of Albuquerque Police Department, AND
OFFICER JENNIFER JARA in her official and
individual capacity as an employee of the
City of Albuquerque Police Department.

CV 2011 05490

NAN G. NASH
SUMMONS (ES) ISSUED

        Defendants.

### PLAINTIFFS' COMPLAINT FOR DAMAGES RESULTING FROM THE ILLEGAL SEIZURE, FALSE ARREST, FALSE IMPRISONMENT, AND MALICIOUS PROSECUTION OF PLAINTIFFS

Plaintiffs bring this complaint under 42 U.S.C. § 1983, Federal and State Constitution, and the New Mexico Tort Claims Act for damages resulting from, among others, the illegal seizure, false arrest, false imprisonment, and malicious prosecution of Plaintiffs.

### JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in Bernalillo County. All of the parties reside in New Mexico and the acts complained of occurred exclusively within New Mexico.

### PARTIES

2. Plaintiffs are individuals who are residents of the City of Albuquerque.

3. Defendants Albuquerque Police Department (hereinafter "APD") Officers Leah Kelly and Jennifer Jara are individuals employed by the City of



1

Albuquerque as police officers. At all pertinent times, they were acting in the course and scope of their employment and under color of state law.

4. The City of Albuquerque is a municipality in the State of New Mexico.

## FACTUAL BACKGROUND

5. Plaintiffs reallege and reassert all prior paragraphs of this Complaint as though fully set forth herein, as though fully set forth here.

6. On September 12, 2010 Plaintiffs and their two minor children went to what is commonly known as the Fourth Street Mall as part of a ministry to the homeless. Part of their ministry involves participating in a picnic with the homeless people who come.

7. Plaintiffs each took up a position in the food sharing line, along with another half-dozen volunteers, and shared lunch with about 150 homeless persons also commonly known as metro campers of all ages, including children.

8. As Plaintiffs were concluding their ministry and getting ready to clean up and leave the area when two police officers entered the scene.

9. Plaintiff Michael Herrick (hereinafter "Michael") saw them ask a question or two of one of the metro campers, who gestured vaguely in Michael's direction.

10. The officers walked up to Michael, but before they spoke to him, he greeted them briefly and told them he would be ready to talk as soon he got the video recorder working on his smart phone. The Officers waited the few seconds it took him to get the video recording started.

2

11. Once the video was started, Michael sat down and indicated with a gesture that he was ready to talk. During the first few seconds of the video, it can be seen and heard that neither officer is at that point speaking to Michael or asking questions.

12. Officer Jara has her back turned to Michael and Officer Kelly is paying attention to a voice on her police radio, which can be heard speaking about "inciting a riot".

13. Officer Kelly's very first words to Michael are recorded on the video: "Sir, when you're done recording, I'll go ahead and take your phone for our evidence purposes."

14. Officer Kelly proceeds to question Plaintiff regarding whether he has a permit.

15. Officer Kelly also requests Plaintiffs full name and date of birth.

16. Plaintiffs give their full name and date of birth to officers.

17. Mr. Herrick asks Officer Kelly if he is under arrest.

18. Officer Kelly responds by stating that "no, this is a consensual encounter".

19. Michael then states that he does not consent and wishes to leave.

20. Officer Kelly responds that he is not free to leave.

21. Michael's wife Jennifer Gage and their two minor children are sitting in the hot sun next to Michael and are also told that they are not free to leave.

22. Officer Jara attempted to intimidate Plaintiffs' minor children and refused to let them stand near Plaintiffs.

23. Officer Kelly and Jara unlawfully detained Plaintiffs.

24. During the above referenced interaction Michael hands his smart phone, which is video recording the entire event to another ministry worker.

25. The video records the entire interaction with the officers, except for a period when the person holding Michael's smart phone stepped away a few feet away and was followed by Officer Jara.

26. Officer Kelly's supervisor Sergeant Cassandra Kukowski appears on scene and asks Michael if he has a permit. She further states that if he does not then he will need to leave.

27. Michael responds to Sergeant Cassandra Kukowski by stating that he and his family will promptly leave at that time.

28. Plaintiff then attempt to leave the scene as instructed by Officer Kelly's supervisor Sergeant Cassandra Kukowski.

29. As Plaintiffs are attempting to leave, Officer Kelly comes over to Michael and orders him to turn over his phone as evidence.

30. Michael states that he does not believe he is required to do so as the supervisor just told him to leave and did not order him to turn over his phone.

31. At that time Officer Kelly places Michael under arrest and Officer Lowell transports him to the Prisoner Transport Center.

32. On September 12, 2010, Jennifer Gage was charged with violating city ordinances 13-3-1-3 and 12-2-19 in connection with the donation and distribution of free food to persons whom the investigating police officer knew or assumed to be homeless.

33. Jennifer Gage was illegally detained for at least thirty minutes.

34. At one point during this lengthy dentition, Ms. Gage attempted to move from the direct sunlight into the shade next to her, at which time Officer Kelly aggressively told Ms. Gage not to move.

35. After arresting Michael, Officer Kelly attempted to prevent Ms. Gage from getting the car and house keys from her husband so that she could drive their two minor children home, stating that his property would be tagged into evidence and held until the trial date.

36. Jennifer Gage was not arrested and never told that criminal charges were going to be filed against her. As a result she missed her first arraignment date and had to pay a bond of $500.00 to clear the resulting bench warrant.

37. Officer Kelly committed deliberate perjury in her criminal complaint, stating falsely that Plaintiffs disobeyed a direct, lawful order from her. Kelly's story in the complaint is detailed and exact but clearly contradictory to what is shown on the video record of the incident.

38. Ms. Gage had to defend her charges in court.

39. The charges against Ms. Gage were ultimately dismissed.

40. Officer Kelly unlawfully prepared false charges against Plaintiffs.

41. Officers Kelly and Jara issued Plaintiffs an invalid, illegal "Order Not to Return" in an attempt to intimidate Plaintiffs into not exercising their right to free travel. The order was invalid because it was an order not to return to a public place, and because police officers are not authorized by law to

issue orders. Further, Jara misrepresented herself on the order as the "proprietor" of the City of Albuquerque.

42. Michael Herrick was arrested on September 12, 2010 and charged with violating city ordinances 13-3-1-3 and 12-2-19 in connection with the donation and distribution of free food to persons whom the investigating police officer knew or assumed to be homeless as well as 12-2-5D [inciting a riot], 12-2-19 [disorderly conduct], 00-0011[inciting a riot], 13-3-1-12 [business permit on person], and 9-6-1-13 [compliance procedures].

43. Michael Herrick spent twelve to thirteen hours in jail and was release on his own recognizance.

44. Officer Kelly made several attempts to amend her original criminal complaint to case number CR 10251-10 to add several of the aforementioned charges but on March 7, 2011 Metropolitan Judge Nakamura refused to allow the amendment of the original complaint and ultimately dismissed all charged against Plaintiff stating:

> "This case was filed 9/12/10 by Officer Leah Kelly. At arrangement the court dismissed a charge as the facts in the complaint did not support the charge. Assistant district attorney agreed the charge should be dismissed. Two charges remained. Officer Kelly, three days later refilled/amended the same complaint. The facts of the complaint were not changed. However, the officer added back to the complaint the dismissed charge and two other ordinance sections. On November 18, the court again dismissed the previous dismissed charges as well as the two additional charges not supported by the complaint. Despite having previously dismissed certain charged for a second time, Officer Kelly refilled the same charge and added a new charge in violation of 7-303. On January 24, 2011 the court again dismissed the charge and made clear only 312-2-19 and 12-5-5(D) were proceeding to trial. The court on 1/24/11 ordered the state to provide by 1/28/11 the belt video or notify the court by said sate of

what the video was not produced. This video is the only video taken by the state/police. To date the location of the video is not known. The court finds that the video is a critical piece of evidence not turned over by the state. Defendant is entitled to (illegible). The state failed to timely respond to the defendant's motion (late by 5 days). The sum total of the officers actions coupled with the missing belt video has prejudiced the defendant's ability to proceed. As such this matter is dismissed."

45. Michael Herrick had to defend the aforementioned baseless charges in court.

46. After the charges were refilled against Michael Herrick, a new arraignment date was set and he was not informed of the date. He missed the date and had to post a $500.00 bond.

47. Defendants had no reasonable belief that Plaintiffs had committed or were committing a crime of any kind.

48. Defendants had no reasonable belief that Plaintiffs presented a threat of any kind.

49. As a direct and proximate result of the Defendants' conduct set forth above, Plaintiffs had to defend baseless charges against them in court, bear the expense of paying to be released from jail, face the anxiety and fear that they could be convicted, face the harm to their reputation, and garden variety emotional damages.

50. Defendants' conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Plaintiffs' legal rights, warranting imposition of punitive damages.

### FEDERAL AND STATE CONSTITUIONAL CLAIMS

### COUNT I – FOURTH AMENDMENT CLAIM (UNREASONABLE AND UNLAWFUL DETENTION AND SEIZURE)

7

51. Plaintiffs reallege and reassert all prior paragraphs of this Complaint as though fully set forth herein, as though fully set forth here.

52. Plaintiffs have a Fourth Amendment right to be free of unreasonable and unlawful detention and seizures.

53. Defendants violated Plaintiffs' Fourth Amendment right to be free from unreasonable and unlawful detention and seizures.

54. As a direct and proximate result of the Defendants' conduct set forth above, Plaintiffs suffered injury as set forth in paragraph 43.

55. Defendants' conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Plaintiffs' legal rights, warranting imposition of punitive damages.

56. Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiffs prevail.

### COUNT II – VIOLATION FIRST AMENDMENT
### (RETALIATION FOR PROTESTING UNLAWFUL POLICE CONDUCT)

57. Plaintiffs reallege and reassert all prior paragraphs of this Complaint as though fully set forth herein, as though fully set forth here.

58. Plaintiffs had and have a First Amendment right to freedom of speech.

59. Defendants' actions in wrongfully arresting and charging plaintiffs without probable cause were undertaken in retaliation for their exercise of their protected right to Freedom of Speech.

60. Defendants' actions were undertaken following and in response to and retaliation for Plaintiff's statements made with regard to the impropriety of their actions as well as their assertion of their rights under the law.

61. Defendants had no lawful reason to suppress Plaintiffs' speech or to take action against Plaintiffs based on their speech, as they were not using fighting words or words which would tend to incite an immediate breach of the peace.

62. Defendants are police officers, and as such have an affirmative duty, above and beyond that of an ordinary citizen, to exercise restraint in response to words or actions they may find unpleasant.

63. Defendants' retaliation for Plaintiffs' exercise of free speech was wrongful.

64. The actions of Defendants were intentional, willful, and wanton, as they knew that they were illegally arresting Plaintiffs only because they had exercised their freedom of speech.

65. The actions of Defendants were intentional, willful, and wanton, as they knew that they were filing false criminal charges against plaintiffs out of a desire to make them desist from speaking and to punish them for their freely expressed and constitutionally protected words.

66. As a direct and proximate result of the Defendants' conduct set forth above, Plaintiffs suffered injury as set forth in paragraph 43.

67. Defendants' conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Plaintiffs' legal rights, warranting imposition of punitive damages.

68. Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiffs prevail.

## COUNT III– MALICIOUS PROSECUTION

69. Plaintiffs reallege and reassert all prior paragraphs of this Complaint as though fully set forth herein, as though fully set forth here.

70. Defendants falsely charged and arrested Plaintiff Michael Herrick for the aforementioned crimes.

71. Defendants falsely charged Plaintiff Gage with the aforementioned crimes.

72. Defendants knew or should have known there was no probable cause that Plaintiff was guilty of any crime whatsoever.

73. Defendants falsely and maliciously prosecuted Plaintiffs for crimes and abused the process by bringing false charges. Defendants swore under oath in the criminal complaint, for example, that Plaintiffs failed to identify themselves.

74. The Defendant officers perjured themselves in a sworn complaint, and charged Plaintiffs with the aforementioned crimes.

75. None of the elements of any of these charges exist, as Plaintiffs did not do any of the times as alleged in Defendants criminal complaint.

76. All of Plaintiffs' personal injuries, damages, and the deprivation of rights and privileges secured by the State and Federal Constitution were caused by Defendants acting within the scope of their duties and under the color of state law.

77. As a direct and proximate result of the Defendants' conduct set forth above, Plaintiffs suffered injury as set forth in paragraph 43.

78. Defendants' conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Plaintiffs' legal rights, warranting imposition of punitive damages.

79. Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiffs prevail.

## COUNT IV – STATE TORT CLAIMS

80. Plaintiffs reallege and reassert all prior paragraphs of this Complaint as though fully set forth herein, as though fully set forth here.

81. The actions of Defendants were not justified or privileged under state law.

82. Defendants' detention of Plaintiff constitutes false arrest and false imprisonment.

83. As a direct and proximate result of the Defendants' conduct set forth above, Plaintiffs suffered injury as set forth in paragraph 43.

84. Defendants' conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Plaintiffs' legal rights, warranting imposition of punitive damages.

85. Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiffs prevail.

WHEREFORE, Plaintiffs request compensatory damages and punitive damages under the federal and state claims against the individual Defendants in their individual

capacities and as employees of the City of Albuquerque; and reasonable costs and attorneys fees incurred in bringing this action.

Respectfully submitted,

**LAW OFFICES OF FRANCES A. CROCKETT**

_____
Frances Carpenter
1000 2nd Street NW
Albuquerque, NM 87102
(505)244.1400; fax (505)244.1406
Attorney for Plaintiffs

**BACH AND GARCIA**

_____
Matthew Garcia
300 Central SW, Suite 2000 East
Albuquerque, NM 87102
Phone: (505) 899-1030
Attorney for Plaintiffs

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

2011 JUN 28 AM 11: 02

MICHAEL HERRICK and
JENNIFER GAGE,

           Plaintiffs,

vs.

CASE NO. _____

OFFICER LEAH KELLY in her official and
individual capacity as an employee of the
City of Albuquerque Police Department,
OFFICER JENNIFER JARA in her official and
individual capacity as an employee of the
City of Albuquerque Police Department,

CV 201105490

           Defendants.

## SUMMONS

TO:    **Officer Jennifer Jara Man # 3854**
        c/o Albuquerque Police Department
        400 Roma NW
        Albuquerque, NM 87102

GREETINGS:

    You are hereby directed to serve a pleading or motion in response to the complaint within thirty (30) days after service of this summons, and file the same, all as provided by law.

    You are notified that, unless you so serve and file a responsive pleading or motion, the Plaintiff will apply to the court for the relief demanded in the complaint.

        Attorney for Plaintiff:    Law Office of Frances Crockett
        Address of Attorney for Plaintiff:    1000 Second Street NW
                                          Albuquerque, NM 87102
                                          (505) 244-1400

    WITNESS the Honorable _____**NAN G. NASH**_____, District Court Judge of the Second Judicial District Court of the State of New Mexico and the seal of the district court of said County, this ____**MAY 2 4 2011**____

                                                JUANITA M. DURAN
                                                CLERK OF THE DISTRICT COURT

(SEAL)

                                                By: _____
                                                    Deputy

SCANNED

**RETURN**

STATE OF NEW MEXICO )
) ss.
COUNTY OF BERNALILLO )

I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit and that I served the within Summons in <u>Bernalillo</u> County on <u>23rd</u> day of <u>June,</u> 2011, by delivering a copy of thereof, with a copy of Complaint attached, in the following manner:

[Check one box and fill in appropriate blanks]

[X] To the Defendant <u>Officer Jennifer Jara #3854 (Metro Court)</u> (to be used when person receives a copy of the Summons and Complaint or refuses to receive the Summons and Complaint)

[ ] To _____ a person over fifteen (15) years of age and residing at the usual place of abode of Defendant,_____ located at _____ who at the time of such service was absent there from.

[ ] By posting a copy of the Summons & Complaint in the most public part of the premises of Defendant _____ at _____ (used if no person is found at dwelling house or usual place of abode).

[ ] To _____ an agent authorized to receive service of process for Defendant, _____.

[ ] To _____ (title of person authorized to receive service) (used when Defendant is a corporation or association subject to suit under a common name, a land grant, board of trustees, the State of New Mexico, or any political subdivision).

Signature of Person Making Service
Title - Process Server

SUBSCRIBED AND SWORN TO before me this 23rd day of June, 2011.

OFFICIAL SEAL
Mikail Tinker
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 12-9-2011

Judge, Notary Public, or other Officer
Authorized to Administer Public Oaths

Notary
Official Title

My Commission Expires:
12-9-2011